# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM PARKER, ) | |
| ) | |
| Petitioner, ) | No. 07 C 4853 |
| ) | |
| v. ) | Judge John W. Darrah |
| ) | |
| TERRY L. McCANN, Warden, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner, William Parker, seeks a writ of *habeas corpus* against the Warden of the Stateville Correctional Center, Terry L. McCann, pursuant to 28 U.S.C. § 2254. Presently before the Court is Respondent's Motion to Dismiss.

## BACKGROUND

On April 10, 1996, Petitioner pled guilty, in the Circuit Court of Cook County ("Circuit Court"), to first-degree murder, aggravated criminal sexual assault, and armed robbery. Petitioner was subsequently found eligible for the death penalty, but the trial judge determined that mitigating factors outweighed the aggravating factors; therefore, a death sentence was not imposed. However, the trial judge did find that the crime was brutal and heinous and sentenced Petitioner to a term of natural life imprisonment for the first-degree murder conviction and to two concurrent thirty-year terms of imprisonment on his convictions for aggravated criminal sexual assault and armed robbery.

Petitioner appealed; and his counsel filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967) (*Anders*), stating that there was no meritorious issues for appeal. In the *Anders* brief, Petitioner's counsel did discuss one potential issue for appeal:

whether the trial court erred in denying Petitioner's motion to reconsider his sentence. On June 20, 1997, the Illinois Appellate Court granted Petitioner's counsel's motion to withdraw and affirmed the judgment of the Circuit Court. Petitioner did not file a petition for leave to appeal ("PLA") to the Illinois Supreme Court.

On September 25, 2000, Petitioner filed a post-conviction petition in the Circuit Court. On September 17, 2002, the Circuit Court denied Petitioner's post-conviction petition. Petitioner appealed the denial of his post-conviction petition, and the Illinois Appellate Court affirmed. Petitioner filed a PLA to the Illinois Supreme Court, which was denied on January 26, 2005. On August 14, 2007, Petitioner filed the instant petition for a writ of *habeas corpus*.

## ANALYSIS

The Respondent seeks to dismiss Petitioner's Petition for Writ of *Habeas Corpus* on the grounds that it is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

The AEDPA provides, in pertinent part, that:

> (1) A 1-year period of limitations shall apply to an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

28 U.S.C. § 2244(d)(1)(A). However, "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); *Wilson v. Battles*, 302 F.3d 745, 747 (7th Cir. 2002).

Petitioner's convictions became final on July 11, 1997. Therefore, Petitioner's federal *habeas petition* was due on or before July 11, 1998. Petitioner filed his post-conviction petition on September 25, 2000, 1,172 days after his convictions became final. Thus, Petitioner exceeded the one-year statute of limitations because he did not file his federal *habeas corpus* petition until well after the one-year statute of limitations, which expired on July 11, 1998.

Petitioner argues that he is entitled to equitable tolling of the limitations period for the time period that his post-conviction counsel failed to notify him that his post-conviction PLA had been denied. Equitable tolling occurs when, without fault on the part of the defendant, the plaintiff is unable to bring suit within the statutory period. *Williams v. Sims*, 390 F.3d 958, 960 (7th Cir. 2004). However, even if the Court were to find the Petitioner is entitled to equitable tolling for the time between the denial of his PLA, June 26, 2005, and the date that he learned his PLA was denied, June 18, 2007, Petitioner's instant *habeas corpus* petition is still untimely because he did not file his post-conviction petition until September 25, 2000, more than two years after the statute of limitations period had expired.

Accordingly, Petitioner's present petition is untimely; and the Respondent's Motion to Dismiss is granted.

## CONCLUSION

For the reasons stated above, the Respondent's Motion to Dismiss is granted. Petitioner's Petition for *Habeas Corpus* is dismissed with prejudice.

Dated: January 25, 2008

JOHN W. DARRAH
United States District Court Judge

3